**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 01:04 PM August 26, 2016**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MICHAEL TODARELLO, | ) | CASE NO. 16-60064 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

    Attorney James Hausen is counsel for Debtor in this chapter 13 case. He submitted a fee application on May 11, 2016, and the chapter 13 trustee, Toby L. Rosen ("Trustee"), filed an objection. Mr. Hausen and Trustee appeared for a hearing on June 15, 2016. Following the hearing, the court issued an order providing a comment period for the United States Trustee ("UST") and the Office of Disciplinary Counsel ("ODC"). Both filed comments for the court's consideration.

    The court has jurisdiction of this case and matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This matter is core and the court has the authority to make final entries. Venue in this district is appropriate under 11 U.S.C. § 1409.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

Mr. Hausen, a licensed attorney in Ohio, is counsel for Debtors in this case. He filed the case under the name Allen Chern LLC, a law firm ("Firm") located in Chicago, Illinois. Mr. Hausen is associated with Firm via what is called a "Partnership Agreement" ("Agreement") executed between "Jason Allen Law LLC, an Illinois limited liability company registered to do business in the State of Ohio as Allen Chern Law LLC" in September 2015.[1] Under the Agreement, Mr. Hausen and Firm provide services for those experiencing financial distress, including bankruptcy representation. He is classified as a "non-equity, non-voting Partner/Member of the firm" ("Mr. Hausen" or "Partner").

The 2016(b) statement filed with the petition indicates that Mr. Hausen charged $2,725.00 for representation in this case. Debtors paid $600.00 to Allen Chern Law LLC before the case was filed, leaving a balance due of $2,125.00. The fee and the retainer are within the no-look fees established under Administrative Order 15-02, making a fee application unnecessary. However, Trustee would not pay the fees without a fee application because of her concerns about fee-sharing, and the plan was confirmed on June 16, 2016 with a provision to pay fees only upon approval of a fee application, which Mr. Hausen filed on May 11, 2016.

## DISCUSSION

This case is before the court on Trustee's objection to Mr. Hausen's fee application. The objection asks the court to "review the alleged interstate legal partnership in relation to Bankruptcy restrictions on fee sharing, and for the reasonableness on (sic) the fees paid to Upright Law in relation to the services performed by Upright Law." (Tr.'s Obj. to Fee App., ECF No. 34)

As a general rule, the Bankruptcy Code prohibits fee sharing. 11 U.S.C. § 504. However, an exception allows fees to be shared between attorneys in the same firm, as set forth in 11 U.S.C. § 504(b)(1):

> A member, partner, or regular associate in a professional association, corporation, or partnership may share compensation or reimbursement received under section 503(b)(2) or 503(b)(4) of this title with another member, partner, or regular associate in such association, corporation, or partnership, and may share in any compensation or reimbursement received under such section by another member, partner, or regular associate in such association, corporation, or partnership.

Most of the terms used in § 504 are undefined, although Bankruptcy Rule 9001(10) does provide a definition for "regular associate."

---

[1] The Agreement is on stationery headed with the names "Upright Law" and "Allen Chern Law." The Agreement is signed by Kevin Chern, identified as the managing partner of Upright Law.

Courts highlight various policy goals supporting the anti-fee sharing provision. First, it protects against any incentive to increase fees in order to offset any loss because of the shared fee, which would increase costs overall. In re Peterson, 2004 WL 1895201 (Bankr. D. Idaho 2004) (quoting 4 Resnick & Sommer, Collier on Bankruptcy ¶ 504.01 at 504-3 (15th ed. rev. 2004)); see also Goldberg v. Vilt (In re Smith), 397 B.R. 810 (Bankr. E.D. Tex. 2008). Second, "fee splitting also subjects the professional to outside influences over which the court has no control." 4 Collier on Bankruptcy ¶ 504.01, 504-3 (16th ed.). It also 'illustrates a Congressional intent to preserve the integrity of the bankruptcy process so that professionals engaged in bankruptcy cases attend to their duty as officers of the bankruptcy court, rather than treat their interest in bankruptcy cases as "matters of traffic."' In re Greer, 271 B.R. 426, 430 (Bankr. D. Mass. 2002) (citations omitted). Moreover, fee-sharing cases reveal other concerns, which may include lack of adequate representation, preparation, and/or supervision resulting from the dual representation. In re Kuykendall, 501 B.R. 311 (Bankr. S.D. Tex. 2013).

The ability of the parties to share fees is based on the nature of their affiliation. Informal and ad hoc relationships tend to create fee-sharing concerns. Greer, 271 B.R. 426 (determining that attorney who shared office space was not "of counsel" even though debtor's attorney included him on letterhead and provided malpractice coverage); Bolen v. Crowe (In re Holmes), 304 B.R. 292 (Bankr. N.D. Miss. 2004) (finding attorney violated fee-sharing restriction by giving his non-attorney staff cash incentive payments for cases); In re Peterson, 2004 WL 1895201 (Bankr. D. Idaho 2004) (hiring appearance counsel for 341 meeting was fee-sharing); In re Soulisak, 227 B.R. 77 (Bankr. E.D. Va. 1998) (concerning relationship of attorneys and debt relief agencies). The court interprets the exception to cover fee sharing among those who are regular participants in a formalized business relationship.

Requests for compensation and fee disclosures are governed by Bankruptcy Rule 2016. Rule 2016(a) discusses fee applications while Rule 2016(b) covers disclosures. Both provisions contain guidelines for fee-sharing and both provide exclusions of certain fee-sharing information as it relates to attorneys within the same association. The exception in Rule 2016(a) requires an explanation concerning fee sharing "except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required." Similarly, Rule 2016(b) states "[t]he [disclosure] statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required." The exceptions contained in Rule 2016 parallel the § 504(b) fee-sharing exception, which are not concerned with fee-sharing that arises in the course of normal relationships within a firm.

Mr. Hausen asserts that he has a formalized relationship with Firm that is protected under § 504(b) and does not require additional disclosures under Rule 2016. In support of his position, he presented the Agreement that appears facially valid. No one has presented any argument or documentation to refute Mr. Hausen's position. Trustee's objection does not identify any dubious provisions of the Agreement; contains no citation to 11 U.S.C. § 504, the fee sharing statute in the bankruptcy code, or Rule 9001(6) or (10); has no discussion of what

3

constitutes a valid partnership under either Ohio or Illinois law; does not reference any Rules of Professional Conduct; nor mention any case law or policy.

Although the court recognizes the comments from UST and ODC were invited, the filed comments offer no argument and no assistance. UST acknowledges ongoing investigations and litigation involving Allen Chern Law and Upright Law and defers to the ODC on whether the Agreement violates ethics law. In its comment, the ODC assumed that Allen Chern Law LLC was a legitimate law firm, assumed that Mr. Hausen was a legitimate partner, and assumed that the Agreement created a valid partnership. With these assumptions, it concluded that there was no violation of the two fee-sharing provisions in the Ohio Rules of Professional Conduct ("Rules").

No one has provided any argument that the Agreement is improper, nor does the court routinely review the agreements between other affiliated attorneys. That inquiry would not fully end the discussion because if the Agreement is not a true partnership, it would lead the court to examine whether the residual relationship was sufficiently formalized to fall under the protections of § 504(b) and in Rule 2016(a) and (b). No argument has been raised on these issues. Only as a last resort should a court conjure the issues involved and then judge them, especially in light of the fact that all the advocacy constituencies tasked with this matter have made no argument. There is no argument and no record. It would not be fair for the court to go off on an investigation like a judge under the Napoleonic Code and then decide the issues it selected. The court might be inclined to grade its own paper on a very favorable curve.

One of the fundamental changes envisioned by the rewriting of bankruptcy law with the passage of the Bankruptcy Code[2] was the removal of the judge from day to day administration and converting him or her to a neutral who decides disputes brought by adversaries. H.R. Rep. 95-595, 95th Cong., 1st Sess. (1977). Although judges retain inherent authority to review fees, <u>Dery v. Cumberland Cas. & Surety Co. (In re 5900 Assoc., Inc.)</u>, 468 F.3d 326 (6th Cir. 2006), no case has suggested it goes this far, with potential adversaries raising no issue but vaguely requesting some action.

Trustee's objection, which is labelled an objection but contains no objection, is overruled, the fee application will be approved, and an order will be entered directly.

#   #   #

**Service List:**

James Hausen
Allen Chern LLC
215 E. Waterloo Rd
Suite 17
Akron, OH 44319

---

[2] 11 U.S.C. § 101 et seq.

4

Toby L. Rosen, Trustee
400 Tuscarawas Street W
Canton, OH 44702

United States Trustee
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Ave.
Suite 441
Cleveland, OH 44114

Scott J. Drexel
Office of Disciplinary Counsel of the Supreme Court of Ohio
250 Civic Center Drive, Suite 325
Columbus, OH 43215-7411

Michael Todarello
6002 Keller Rd
New Franklin, OH 44319